UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL CHARLES JOYNER,<br><br>    Petitioner,<br><br>v.<br><br>RANDY E. BLADES,<br><br>    Respondent. | Case No. 1:15-cv-00489-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

    On March 21, 2017, Magistrate Judge Ronald E. Bush dismissed Petitioner Miguel Charles Joyner's Petition for Writ of Habeas Corpus with prejudice and entered a Judgment closing the case. (Dkts. 20, 21.) Judge Bush did not grant a certificate of appealability. (Dkt. 20.) Within 30 days after entry of judgment, Petitioner filed a Motion for Extension of Time to File a Notice of Appeal and a Motion for Reconsideration of the Order of Dismissal.

    After Judge Bush entered the dismissal order in this case, the United States Court of Appeals for the Ninth Circuit issued *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), which interpreted 28 U.S.C. § 636(c)(1) to require the consent of all *named* parties, not just all appearing parties, to constitute full consent to enter final orders. Therefore, the District Court now reviews de novo the entirety of this case, including the final order of dismissal. (Dkt. 20).

**MEMORANDUM DECISION AND ORDER - 1**

As applicable to the circumstances in this case, Federal Rule of Appellate Procedure 4(a)(5) permits the district court to extend the time to file a notice of appeal if a party so moves during the original 30-day period and shows good cause. *Oregon v. Champion International Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982). Petitioner asserts that he did not receive the judgment until 17 days after it was entered. (Dkt. 22, pp. 1-2.) While Petitioner would qualify for an extension of time under these facts, an extension is unnecessary, because the Court will vacate the existing Judgment and enter an Amended Judgment from which Petitioner can appeal.

Petitioner filed a Motion for Reconsideration more than 28 days after Judgment was entered; therefore, neither Federal Rule of Civil Procedure 59(e) nor Federal Rule of Appellate Procedure 4(A) applies. Rather, Petitioner's Motion falls under Federal Rule of Civil Procedure Rule 60(b), which provides for relief from a final order or judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief under the "catch-all" provision of Rule 60(b)(6) should be granted only in extraordinary circumstances "as an equitable remedy to prevent manifest injustice," *U.S. v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal citation and

**MEMORANDUM DECISION AND ORDER - 2**

punctuation omitted).

To set the stage for Petitioner's reconsideration arguments, the Court reviews the state court record to determine the time periods during which proper state court actions related to Petitioner's conviction were pending. The Idaho Supreme Court denied Petitioner's petition for review on direct appeal on September 21, 2011. (State's Lodging B-9.) Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his judgment of conviction became final 90 days later, on December 20, 2011.

The federal statute of limitations began on December 20, 2011, and continued running for 107 days until Petitioner filed his state post-conviction petition on April 6, 2012 (mailbox rule date). (State's Lodging C-1.) The statute was tolled during the pendency of that action. The post-conviction action ended on October 14, 2014, when the Idaho Court of Appeals entered the remittitur following its decision affirming the dismissal of the post-conviction action. (State's Lodging D-7, D-8.) Petitioner did not file a petition for review before the Idaho Supreme Court.

The federal statute began running again on October 15, 2014, with 258 days remaining, and it expired on June 30, 2015. Petitioner's federal Petition for Writ of Habeas Corpus was filed after the statute's expiration, on October 14, 2015 (mailbox rule).

Petitioner now asserts that tolling for the statute of limitations was miscalculated

in Judge Bush's dismissal order. Petitioner argues that, on March 4, 2014, his post-conviction appellate counsel filed a motion requesting that he be permitted to withdraw from the case and that the briefing schedule be suspended. Petitioner's argument is not well-taken, because Judge Bush did, in fact, toll the time period between April 6, 2012 (when the original post-conviction action was filed) and October 14, 2014 (when the state post-conviction appeal was completed).

Petitioner next argues that the time period during which the State had neglected to file a response to his original post-conviction petition should have been tolled. After receiving no response from the State in that action, Petitioner filed a request for default that neither the State nor the state court addressed for four months. Petitioner asserts that the state district court granted Petitioner's request for counsel months later and ordered the State to file an answer. Petitioner is correct that this time period should have been tolled, but he is wrong in assuming that it was not. Judge Bush tolled the statute from the first day the post-conviction action was filed on April 6, 2012—regardless of when the State responded—through the appeal's conclusion on October 14, 2014, when the action was deemed completed by issuance of a remittitur from the Idaho Court of Appeals.

To the extent Petitioner argues that the time period between October 15, 2014, and October 14, 2015 (the date of his federal habeas filing), should have been tolled, or that his statute of limitations period should have been re-started, there is no factual or legal basis to support such an argument. Many inmates miscalculate the statute of limitations,

**MEMORANDUM DECISION AND ORDER - 4**

believing they have one full year after completion of their last state post-conviction matter. In fact, *every* time period *between* different post-judgment state court actions must be counted toward the one-year federal statute of limitations. Because Petitioner used 107 days between completion of his direct appeal and the filing of his state post-conviction action, he did *not* have one year left after his post-conviction appeal concluded.

The Ninth Circuit has held that an inmate's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *cf. Hughes v. Idaho State Board of Corrections*, 800 F.2d 905 (9th Cir. 1986) (illiteracy not a ground for equitable tolling). Based on a de novo review, the Motion for Reconsideration will be denied, and Judge Bush's dismissal order will be adopted and confirmed. Upon a further review of the record and this decision, the Court has determined that a certificate of appealability will not issue. Therefore, Petitioner may file a notice of appeal and request a certificate of appealability from the Ninth Circuit Court of Appeals.

## ORDER

IT IS ORDERED:

1. The Judgment at Docket 21 is VACATED.
2. Petitioner's Motion for Extension of Time (Dkt. 22) is DENIED as MOOT.

3. Petitioner's Motion to Reconsider Judgment (Dkt. 22) is GRANTED, only to the extent that the Judgment at Docket 21 has been vacated, and an Amended Judgment will be entered simultaneously with this Order.

4. Upon the Court's de novo review of this matter, the Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice on untimeliness grounds.

5. The prior Orders of Magistrate Judge Bush are adopted and confirmed.

6. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 13, 2018

B. Lynn Winmill
Chief U.S. District Court Judge